UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JOSHUA AGEE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-438-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BEDROCK CONTRACTING, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Joshua Agee's motion for summary judgment on his claims against the Defendant Bedrock Contracting, Inc. ("Bedrock") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et al.*, and the Kentucky wage and hour law (*see* K.R.S. Chapter 337).  [Record No. 26][1]  For the reasons discussed below, Agee's motion will be granted.

**I.**

Summary judgment is appropriate when there are no genuine disputes regarding any material facts and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002).  A dispute over a material fact is not "genuine" unless a

---

[1]     After the deadline for filing a response to the motion for summary judgment had passed, the parties filed an agreed order granting Bedrock additional time to file a response.  [Record No. 29]  The agreed order tendered by the parties did not comply with the requirements for requesting an extension of time as outlined out in the March 3, 2015 Scheduling Order. [Record No. 12]  As a result, the request was denied.  [Record No. 30]  Bedrock made no additional effort to comply with the Scheduling Order.  Subsequently, Bedrock filed a response to the motion for summary judgment without requesting leave of court, as required by the Scheduling Order and local rules.  That response was stricken from the record.  [Record No. 34]

reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52 (1986); *see Harrison v. Ash,* 539 F.3d 510, 516 (6th Cir. 2008). In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

## II.

The crux of Agee's claim is that he worked overtime hours for which he was not paid overtime rates under the FLSA and he was denied additional "fringe payments" as required under Kentucky law. Agee was employed by Bedrock, a company that provides roadwork and blasting services for highway projects and other developments, between August 2012 and October 2013. [Record Nos. 1, ¶ 19; 26-2, p. 5] He was a non-exempt, hourly employee, whose primary job duties included maintenance, compressor duties, wire brushing, painting, and road construction. [Record Nos. 1, ¶ 21; 5, ¶ 2]

Bedrock admits that it is a covered enterprise under the FLSA and that Agee was a non-exempt, hourly employee. [Record No. 5] Bedrock also admits that Agee worked on jobs performed under state government contracts where prevailing wage rates were required under Kentucky wage law, K.R.S. § 337.505, *et seq.* [Record No. 5] "Judicial admissions eliminate the need for evidence on the subject matter of the admission, as admitted facts are no longer at issue." *Ferguson v. Neighborhood Housing Servs. of Cleveland, Inc.*, 780 F.2d 549, 550–51 (6th Cir. 1986) (citation and quotations omitted).

### A.  Fair Labor Standards Act

The Fair Labor Standards Act prohibits employers from allowing non-exempt employees to work longer than forty hours a week "unless such employee receives compensation for his employment in excess of the hours specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).  If an employer violates the overtime protections of section 207, the employer is liable to the employee for unpaid overtime compensation and "an additional equal amount as liquidated damages" as well as a reasonable attorney's fee and costs.  29 U.S.C. § 216(b).

"'Work not requested but suffered or permitted is work time' if 'the employer knows or has reason to believe that [the employee] is continuing to work.'"  *White v. Baptist Mem'l Healthcare Corp.*, 699 F.3d 869, 878 (6th Cir. 2012) (quoting 29 C.F.R. § 785.11).  "If the employer knows or has reason to believe that the work is being performed, he must count the time as hours worked."  29 C.F.R. § 785.12.  As a result, an employer "cannot sit back and accept the benefits without compensating for them."  29 C.F.R. § 785.13.

Bedrock's owner and the designee under Rule 30(b)(6) of the Federal Rules of Civil Procedure, Grover Cleveland Wingo, III, testified that "on-road" time was subject to overtime.  On-road time is characterized as employees performing duties under the company's state contract and includes the time beginning when the employee leaves the hotel where he or she is staying until the time he or she returns.  [Record No. 26-2, pp. 10–11]  However, other additional hours, classified as "off-road" time, include time spent performing other tasks, such as cleaning trash out of trucks.  This is intended to give employees additional time for "spending money" or to "offset some of their travel expenses."  [Record No. 26-2, pp. 10–11]  Wingo stated that the off-road work is purely voluntary and a

"favor" to the employees by giving them additional compensated time.  However, he also admits that Bedrock derives a benefit to the tasks performed by off-road time.  But for the employees' voluntary efforts to clean trucks, for instance, Wingo stated that he would have the trucks taken to the shop every two weeks to have them cleaned.  [Record No. 26-2, p. 15][2]  Even though categorized as "voluntary," Bedrock was aware of the time and work that employees performed during the "off-road" hours.  Further, the time was tracked and approved by supervisors.  [Record No. 26-2, pp. 10–11]

Employees were compensated $8.00 per hour for off-road time and paid through non-payroll checks along with "fringe" payments.  [Record No. 26-2, pp. 11–12]  Fringe payments are required by Kentucky law for contract work where prevailing rates are required.  Agee was accurately compensated for his "on-road" time.  However, his "off-road" time, which was recorded and approved by his supervisors, was paid at a different rate from the on-road time and Bedrock did not apply the overtime payment scale.  [Record No. 26-2, p. 15]

Under the FLSA, "off-road" hours should have been included in the overtime calculation for the employees.  Even inferring the facts in a light most favorable to Bedrock, Agee should have been compensated at an overtime rate for all hours in excess of 40 hours

---

[2]   Q:   "Now, the off-road hours why did not pay time and a half on those hours?"

A (Wingo):   "There's no reason to.  I just give it to them to let them work.  If I had to pay time and a half, I wouldn't give it to them at all. . . .  I'd bring the trucks into the shop once every two weeks and clean them out . . . at the shop."
. . . .

A.   ". . . I'm just doing it as a favor.  It costs too much money to pay them out there on the job if you have to pay them time and a half or on-road."

[Record No. 26-2, p. 15]

per week, regardless of whether they were on-road or off-road hours.  Based on the record, Agee is owed the sum of $1,451.35 for overtime compensation under the FLSA and an additional equal amount as liquidated damages.[3]  *See* 29 U.S.C. § 216(b).  The parties will be given additional time to address resulting attorney's fees.  *See* 29 U.S.C. § 216(b); *Dean v. F.P. Allega Concrete Constr. Corp.*, 622 F. App'x 557, 559 (6th Cir. 2015); *Fulkerson v. Yaskawa America, Inc.*, No. 3:13-cv-130, 2015 WL 6408120, *3–*4 (S.D. Ohio Oct. 23, 2015).

## B. Kentucky Wage and Hour Law

Kentucky law requires that employees working on prevailing wage jobs shall be compensated an additional "fringe benefit" amount.  *See* K.R.S. § 337.505(2), 803 K.A.R. § 1:085; [*see* Record No. 26-3, pp. 86–88].  These fringe payments are for "medical or hospital care, pensions on retirement, death compensation, unemployment benefits, life insurance, disability and sickness insurance, accident insurance, vacation and holiday pay," etc.  K.R.S. § 337.505.

Agee was paid fringe payments for all of the prevailing wage jobs on which he worked, but not in the full amount owed to him.[4]  According to Wingo's testimony, off-road

---

[3]     The FLSA requires that liquidated damages be awarded.  29 U.S.C. § 216(b).  However, the Court has discretion not to award liquidated damages if the defendant demonstrates that "the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]."  *Elwell v. Univ. Hosp. Home Care Serv.*, 276 F.3d 832, 840 (6th Cir. 2002) (citing 29 U.S.C. § 260).  Bedrock has not met this burden based on the record before the Court.

[4]     In its answers to interrogatories, Bedrock claims that Agee was paid prevailing wage rates on jobs where the prevailing wage did not apply.  [Record No. 26-2, pp. 9–10]  Thus, Bedrock claims that Agee was compensated in excess of what he was actually owed on three separate non-prevailing wage jobs.  However, Bedrock did not raise an affirmative defense or

hours and fringe benefit payments were paid together in the same non-payroll check. [Record No. 26-2, pp. 12–13]  Review of the non-payroll checks, however, reveals that the full fringe payments were not included.  [Record No. 26-3, pp. 39–85]  Instead, Bedrock deducted the cost of motel lodging from the fringe payments paid to Agee and then paid him the remaining amount.  [Record No. 26-2, pp. 12–13]  For example, for the pay period September 9, 2012, through September 15, 2012, Agee was paid $105.00 in the non-payroll check.  [Record No. 26-3, pp. 39–40]  He was paid a total of $84.00 (10.5 hours x $8.00/hr) for off-road time, meaning that he only received $21.00 towards payment of fringe benefits. [Record No. 26-2, p. 40]  However, looking at that same time period, he should have received $370.00 in fringe benefits (37 hours of "on-road" work x $10.00/hr fringe benefit rate).  [Record No. 26-2, p. 40]  Thus, he is owed $349.00 in fringe payments for that pay period.  Applying the same formula to the fringe payment calculation for each prevailing wage job, Bedrock owes Agee an additional $5,080.75 for fringe benefits under Kentucky law.

### III.

The natural consequence of this action may be that Bedrock and other companies that are similarly-situated will no longer provide "off-road" work and attendant compensation for their employees.  However, based on the evidence submitted in support of Agee's motion for summary judgment, Agee is entitled to summary judgment on his claims against Bedrock. Agee will be awarded damages in the amount of $1,451.35 for overtime due under the FLSA, additional statutory damages in the amount of $1,451.35 pursuant to 29 U.S.C. § 216, and

---

counterclaim for this overpayment.  Any additional disputes between the parties regarding separate sums owed by Agee to Bedrock are not before the Court.

attorney's fees and costs.  Agee will also be awarded $5,080.75 for fringe benefits owed under Kentucky law.  Accordingly, it is hereby

**ORDERED** as follows:

1.      Plaintiff Joshua Agee's motion [Record No. 26] for summary judgment is **GRANTED**.

2.      Agee is awarded damages in the amount of **$7,983.45.**

3.      Within thirty days of the entry of this Memorandum Opinion and Order, Agee may file a brief outlining his attorney's fees and costs, and attaching supporting documentation.  Within fifteen days of Agee's submission regarding attorney's fees and costs, Bedrock may file any objections to the calculation of attorney's fees and costs.

4.      The pretrial conference previously scheduled for February 17, 2016, and trial scheduled to begin March 29, 2016, are **CANCELED**.  All remaining deadlines set forth in the Court's Scheduling Order [Record No. 12] are **SET ASIDE**.

5.      A separate judgment will issue following resolution of the remaining issues outlined above.

This 2nd day of February, 2016.



Signed By:

***Danny C. Reeves***   DCR

**United States District Judge**