UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

|  |  |  |
|---|---|---|
| JOSHUA AGEE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-438-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BEDROCK CONTRACTING, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Joshua Agee's unopposed[1] brief in support of his request for an award of attorney fees and costs following entry of summary judgment against the Defendant Bedrock Contracting, Inc. ("Bedrock") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et al.*, and Kentucky wage and hour law, *see* K.R.S. Chapter 337. [Record No. 37]

The FLSA provides that "[t]he court shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "The purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (quoting *United Slate, Tile and Composition Roofers v. G&M Roofing and Sheet Metal Co.*, 732 F.3d 495, 501 (6th Cir. 1984)). The starting point for determining reasonable

---

[1] After entry of summary judgment on liability, the plaintiff was allowed thirty days to file a brief outlining his attorney's fees and costs, along with supporting documentation. [Record No. 36] The defendant was given fifteen days to file any objections. [*Id.*] The deadline for the defendant's objections has passed without any response.

attorney's fees has been the "'lodestar' calculation—the product of the number of hours reasonably spent on the case by an attorney times a reasonable hourly rate." *Moore v. Freeman*, 355 F.3d 558, 565 (6th Cir. 2004) (citations omitted). The lodestar amount may be adjusted based on a number of factors, *Paschal v. Flagstar Bank*, 297 F.3d 431, 435 (6th Cir. 2002), but there is a strong presumption in favor of the lodestar fee. *Adcock-Ladd v. Sec'y of the Treasury*, 227 F.3d 343, 349–50 (6th Cir. 2000).

Adjustment of the loadstar is exceedingly difficult when an opposing party fails to object to a fee request. Here, the plaintiff's counsel submits that a reasonable lodestar fee for an attorney of his experience and area of practice, as well as this regional area, is $325 per hour and that his paralegal's fee of $105 per hour is also reasonable. Because the defendant has not objected, the Court will use these hourly rates in calculating the fee to be awarded. Likewise, the number of hours attributed to the case do not appear to be unreasonable.

The plaintiff is also entitled to recover his costs expended in the prosecution of the lawsuit. *See* 29 U.S.C. § 216(b); *Monroe v. FTS USA, LLC*, No. 2:08-CV-2100, 2014 WL 4472706, at *2 (W.D. Tenn. Sept. 10, 2014). The plaintiff has submitted evidence of costs of $400.00 for the filing fee, $130.00 for the service of process fee, $784.89 for the costs of deposition transcripts, and $274.16 in miscellaneous charges. Once again, the defendant has not objected to these amounts or the lack of detail provided by the plaintiff in seeking reimbursement for these sums. As a result, these items will be included in the total costs to be awarded as expense reimbursement.

However, the Court declines to award the fees associated with obtaining permission to practice in this district (*i.e.*, $95.00, representing a pro hac fee, and $18.00, representing the cost of obtaining a certificate of good standing from Florida). While expenses may be

awarded in FLSA cases that may exceed the sums which otherwise could be sought under 28 U.S.C. § 1920, the undersigned in of the opinion that the costs associated with obtaining permission to practice in another jurisdiction should not be assessed as a direct expense of the litigation and taxed to the unsuccessful litigant. As a result, the request for reimbursement of costs will be reduced by $113.00.

For the reasons outlined above, it is hereby

**ORDERED** that the Plaintiff Joshua Agee is awarded attorney's fees $8,207.56 and reimbursement of costs of $1,589.05. A separate judgment will issue.

This 24th day of March, 2016.

Signed By:
*Danny C. Reeves* DCR
United States District Judge